IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DE'VONTAY JONES, AIS 305974, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:23-CV-551-MHT-KFP ) |
| ALABAMA DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Plaintiff, an inmate at the Kilby Correctional Facility, filed his Complaint on the form used by inmates for filing 42 U.S.C. § 1983 actions. He names the Alabama Department of Correction, Warden Smith, Warden Morgan, Captain Watts, Lieutenant Edmonds, and Lieutenant Harrison as Defendants. In the Complaint, he alleges disciplinary irregularities and a lack of security with respect to an incident at the Donaldson Correctional Facility in August of 2023, and he requests damages and removal of the disciplinary action from his file. Doc. 1. Upon review, the Court finds this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391 and 28 U.S.C. § 1404.[1]

---

[1] Plaintiff also filed a motion for leave to proceed in forma pauperis (Doc. 2). However, the assessment and collection of any filing fees should be undertaken by the United States District Court for the Northern District of Alabama.

## II.    DISCUSSION

A 42 U.S.C. § 1983 action may be brought in a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; a judicial district where a substantial part of the events or omissions giving rise to the claim occurred; or, if there is no district in which an action may otherwise be brought, any judicial district where a defendant is subject to the court's personal jurisdiction with respect to the action. 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought. . . ." 28 U.S.C. § 1404(a).

Although venue is proper in the Middle District because one Defendant, the Department of Corrections, is located here, § 1983 claims must be brought against a person acting under the color of state law. The Department of Corrections is not a "person" within the meaning of § 1983. *See Gardner v. Riska*, 444 F. App'x 353, 355 (11th Cir. 2011) (holding Florida Department of Corrections was not a "person" under § 1983). The remaining Defendants are staff members at the Donaldson Correctional Facility in Bessemer, Alabama, in the Northern District, and all actions described in the Complaint occurred at Donaldson. Thus, this case could have been filed in the Northern District, and the parties, witnesses, and documentary evidence will be located in the Northern District. For these reasons, in the interest of justice, this case should be transferred to the Northern District of Alabama for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a).

## III.  CONCLUSION

The Magistrate Judge RECOMMENDS that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a).[2]

Further, it is ORDERED that by **November 21, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3–1.

DONE this 7th day of November, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE

---

[2] In transferring this case, the Court makes no determination on the merits Plaintiff's claims.

3